UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZACHARY RUDY                                    CIVIL ACTION

VERSUS                                          NO: 23-06969

USAA CASUALTY INSURANCE                         SECTION: T (2)
COMPANY

## ORDER and REASONS

Before the Court is Plaintiff Zachary Rudy's Motion to Remand (R. Doc. 12) and Defendant USAA Casualty Insurance Company's Motion to Dismiss for Failure to State a Claim (R. Doc. 8). The parties have filed responses (*see* R. Docs. 9, 10, and 13), and Defendant has filed a reply in support of its Motion to Dismiss (R. Doc. 11).  For the reasons set forth below, the Court will deny Plaintiff's Motion to Remand and grant Defendant's Motion to Dismiss.

**BACKGROUND**

This case concerns an insurance claim for property damage arising out of Hurricane Ida, which made landfall in Louisiana on August 29, 2021. Plaintiff owned property in Houma, Louisiana at the time of the storm and he now claims he sustained damage to "the structure of his home, including its roof, exterior siding, interior walls, ceiling, floors, fixtures, and contents." R. Doc. 1-1, p. 4. He claims he also sustained damage to other insured structures on his property, such as "the attached garage." *Id.* On August 25, 2023, Plaintiff filed suit in Terrebonne Parish against USAA CASUALTY INSURANCE COMPANY ("USAA CIC"). *Id.* He asserts in his petition that

1

at all times material hereto, and in consideration of a premium paid, his property was covered by a policy issued by Defendant USAA CIC. R. Doc. 1-1, p. 5. He prayed that he be awarded "all damages and losses claimed herein, together with all costs of these proceedings, including expert witness fees, attorney fees, bad faith penalties, and legal interest from the date of demand." *Id.*, p. 6.

Defendant USAA CIC removed the case to this Court on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. R. Doc. 1. In its Notice, Defendant USAA CIC averred that the parties are completely diverse, with Defendant being a resident of Texas, and the amount in controversy exceeds $75,000, exclusive of costs. *Id.*, p. 2. According to Defendant, who attached a claim estimate prepared by a public adjuster, Plaintiff submitted a $163,331.00 claim for dwelling repair and the insurer tendered $96,000, leaving a difference of $67,000. *Id.* Defendant asserts this amount, plus a 50% penalty and 33% in attorney fees, as prayed for by Plaintiff, totals $133,665, which exceeds the statutory amount in controversy. *Id.*

Thereafter, Defendant USAA CIC moved to dismiss the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 8. Defendant argues that Plaintiff lacks standing to bring a breach of contract claim against USAA CIC because USAA CIC did not issue the policy under which Plaintiff seeks relief. *Id.*, p. 4. Attaching the policy to its motion, which policy was referenced in Plaintiff's state court petition, Defendant USAA CIC points out that the policy was issued by USAA GENERAL INDEMNITY COMPANY, and not USAA CIC. *Id.* Defendant USAA CIC states that it is a separate and distinct entity from USAA GENERAL

2

INDEMNITY COMPANY. *Id.* Thus, Defendant asserts it owed no contractual, statutory, or fiduciary duty to Plaintiff at the time of the storm. *Id.*

Plaintiff responded to Defendant's Motion to Dismiss by first arguing that Defendant failed to show that the amount in controversy exceeded $75,000. R. Doc. 9-1, pp. 2-3. Essentially, he asserts that Defendant USAA CIC could only have had access to the claim information submitted to the correct insurer if Defendant USAA CIC and USAA GENERAL INDEMNITY COMPANY were connected. Thus, he argues that Defendant USAA CIC would not have been able to prove the amount in controversy. With that logic, he requests the Court allow him the opportunity to file a First Amended and Supplemental Complaint "to correctly name the proper subsidiary of the insurance carrier in the caption of this matter." *Id.*, p. 3.

Defendant in its reply asserts that any request to amend to add USA GENERAL INDEMNITY COMPANY would be futile because Plaintiff's claims against the insurer would be prescribed. R. Doc. 11, p. 3. Defendant asserts that prescription was not interrupted against USAA GENERAL INDEMNITY COMPANY because Defendant USAA CIC was not the proper party and suing the wrong defendant does not interrupt prescription as to the correct defendant. *Id.*

Plaintiff, in conjunction with his response to the Motion to Dismiss, also filed a Motion to Remand. R. Doc. 12. In his Motion to Remand, Plaintiff makes basically the same argument: that Defendant USAA CIC failed to prove the amount in controversy because it could not have possessed any facts or documents to prove the amount in controversy if it were truly not the appropriate defendant in this matter. R. Doc. 12-1. Plaintiff notes that Defendant USAA CIC, in

3

removing the case to federal court, relies on an estimate prepared by Noble Public Adjusting, which estimate, Plaintiff asserts, he sent to USAA GENERAL INDEMNITY COMPANY. Thus, he reasons, Defendant, if it is not connected to the proper insurer, would not have had any evidence to prove the amount in controversy. *Id.*, p. 5. Plaintiff states: "Defendant has seemingly removed this matter erroneously to avoid litigation in state court and to file a motion to dismiss in federal court while knowing that [USAA GENERAL INDEMNITY COMPANY] was the proper defendant prior to filing its Notice of Removal." *Id.*, p. 6.

Defendant in its response to the Motion to Remand notes that Plaintiff could have stipulated to the amount in controversy, but he did not. Defendant relies on an email exchange between counsel that shows that Plaintiff did not agree to a consent judgment stating that he would not accept any award in excess of $75,000. R. Doc. 13-1. Defendant asserts it properly removed the matter to federal court and notes that Plaintiff has not provided any evidence to show that the amount in controversy is not exactly as Defendant USAA CIC provided in its removal notice. *Id.*, p. 5.

## LAW AND ANALYSIS

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible

4

claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the factual allegations underlying a claim are insufficient to raise a right to relief above the speculative level, that claim must be dismissed. *Twombly*, 550 U.S. at 555.

Courts should determine whether subject-matter jurisdiction is present before addressing other issues. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may remove a civil action filed in state court if the plaintiff could have brought the

action in federal court from the outset. *See* 28 U.S.C. § 1441(a). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States." Remand is proper if at any time the Court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

PLAINTIFF'S MOTION TO REMAND

In this case, the parties dispute whether the amount in controversy exceeds $75,000. If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, state practice "does not permit demand for a specific sum," removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446 (c)(2)(A)(ii)-(B). Because plaintiffs in Louisiana state courts may not specify the numerical value of claimed damages, Defendant must prove by a preponderance of the evidence that the amount in controversy is met. *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008). This can be done by (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276

6

F.3d 720, 723 (5th Cir. 2002). Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, the amount in controversy is not facially apparent from the petition. Thus, Defendant must offer "summary-judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Rayborn v. Con-Way Truckload, Inc.*, 2015 WL 6738599, * 2 (E.D. La. November 14, 2015) (citations omitted). To meet its burden, Defendant has produced the claim estimate prepared by a public adjuster that Plaintiff submitted to the insurer, which evidences a disputed claim of some $67,000. That amount combined with the possible penalties and attorney fees sought in the petition results in a calculation of some $133,000, well above the requisite amount in controversy. Plaintiff does not contest the authenticity of the estimate or the rationale of the Defendant in showing that the amount in controversy exceeds $75,000. Instead, he questions how Defendant obtained the estimate. He apparently argues that Defendant should be estopped from relying on the estimate because it was obtained from the proper party insurer, and Defendant asserts in the Motion to Dismiss that it is not the proper party and is unrelated to the proper party. Plaintiff seems to argue a fairness doctrine, contending he should be given the opportunity to add the correct party or else Defendant should be precluded from using such evidence to prove the amount in controversy. Unfortunately, Plaintiff does not direct this Court to any authority for such a proposition. Consequently, the Court must deny the Motion to Remand because Defendant USAA CIC has carried its burden of proof as to subject matter jurisdiction.

<u>DEFENDANT'S MOTION TO DISMISS</u>

As for the Motion to Dismiss, Plaintiff's arguments are also unavailing. He concedes that USAA CIC is not the proper party and that USAA GENERAL INDEMNITY COMPANY is the insurer that issued the policy. R. Doc. 9-1, pp. 1-2. Instead, he asks the Court for the opportunity to amend his petition to name the proper party, USAA GENERAL INDEMNITY COMPANY. As before, he reasons the two entities must be related because an inappropriate defendant – one not connected to the proper defendant -- would not have possessed any of the information used in Defendant USAA CIC's Notice of Removal, i.e., the claim estimate.   R. Doc. 9-1, p. 3. Theoretically, Plaintiff argues, "an inappropriate defendant would not have removed the case at all because he, she, or it would not have the information necessary to do so." *Id.* "Conversely," he reasons, "if USAA CIC and USAA GIC are connected and proper notice was given to the appropriate defendant to remove and quantify the damages," then he should be afforded the opportunity to file a Motion for Leave of Court to File a First Amended and Supplemental Complaint to name "the proper subsidiary of the insurance carrier in the caption of this matter."

Defendant USAA CIC counters that it is a separate entity from USAA GENERAL INDEMNITY COMPANY and that an amendment to add USAA GENERAL INDEMNITY COMPANY would be futile because any claims against USAA GENERAL INDEMNITY COMPANY are prescribed.

After a responsive pleading is served, a party may amend only with written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a). The court must "freely give leave when

8

justice so requires." *Id.* The issue nonetheless remains at the discretion of the court and may be denied on any one of several bases, including futility. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004). The proposed amended complaint is futile if it "would fail to state a claim upon which relief could be granted under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Vioxx Prods. Liab. Litig.*, 874 F.Supp.2d 599, 602–03 (E.D. La. 2012) (internal quotations omitted).

The Court finds amendment would be futile. The deadline for the filing of any suit relating to Hurricane Ida was August 29, 2023, such that any claim filed against USAA GENERAL INDEMNITY COMPANY at this point would be prescribed on its face. *See* La. Rev. Stat. 22:868. There is no dispute that Plaintiff named the wrong insurer in his suit, and thus prescription as to the correct insurer was not interrupted. It is well established under Louisiana law that if prescription is interrupted for one joint tortfeasor/solidary obligor it is interrupted for all joint tortfeasors/solidary obligor. *See Smith v. Fred's Store Tenn., Inc.*, 2007 WL 3245443 * 2 (E.D. La. November 2, 2007). However, if the plaintiff sues the wrong defendant this will not interrupt prescription under Louisiana law. *Id.*

There are some limited exceptions to this principle. "When a plaintiff amends a complaint to add a defendant, but the plaintiff does so subsequent to the running of the relevant statute of limitations, then [Rule 15(c)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *In re Katrina Canal Breaches*, 2008 WL 3906760, at *3 (E.D. La. Aug. 26, 2008) (quoting *Wilson v. U.S. Gov't*, 23

F.3d 559, 562 (1st Cir. 1994)). "Relation back analysis applies to the addition of new claims or new defendants." *Id.* The rule provides, in relevant part:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Accordingly, the court's analysis under Rule 15(c)(1)(C)(ii) turns on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint." *Al-Dahir v. FBI*, 454 F. App'x 238, 242 (5th Cir. 2011) (internal quotations omitted). Additionally, the defendant must have received notice of the mistake within the time provided by Rule 4(m). *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992); *Standard v. United Services Automobile Ass'n*, 2023 WL 5761327 (W.D. La. Sept. 6, 2023), * 2. Rule 4(m) provides that service must be made on the defendant within 90 days after the complaint has been filed.

10

The exception relevant to this case provides that prescription may be interrupted by naming an entity so related to the correct defendant that service on one is tantamount to service on the other. *Henderson v. Haza Foods of La., LLC*, No. 18-3146, 2018 WL 6570766 at *3 (E.D. La. Dec. 13, 2018) (internal citations omitted). The entities must be so intertwined that service on one apprises the other of the suit in a legal manner, meaning they are essentially a single business operation. *Id*. Plaintiff does not assert or attempt to prove that USAA CIC and USAA General Indemnity Company comprise "a single business operation." Instead, he argues they must be "connected," or Defendant would not have had possession of the claim estimate to prove the amount in controversy. Other courts have found that the USAA entities are separate and distinct. *See Schewe v. USAA Cas. Ins. Co.*, 2007 WL 2174588, at *9 (E.D. La. Jul. 27, 2007) (USAA and USAA Insurance Agency, Inc. are separate entities) (citing *Keszenheimer v. United Services Auto Ass'n*, 78 Fed.Appx 333 (5th Cir. 2003) (finding USAA and USAA Life to be separate entities)); *Stanard v. United Servs. Auto. Ass'n*, 2023 WL 5761327, at *(W.D. La. Sep. 6, 2023) (USAA and USAA CIC are separate and distinct, such that plaintiff's claims against USAA CIC could not be salvaged by the doctrine of relation back); *Ledet v. USAA Gen. Indem. Co.*, 2023 WL 3443302, at *2 (W.D. La. May 12, 2023) (similar to the instant case, plaintiff sued USAA GIC when the policy was issued by USAA CIC; court reasoned that amendment seeking to name USAA CIC would be futile because the claims had prescribed); *Guidry v. United Services Auto. Ass'n*, 2023 WL 5486224, at *3 (W.D. La. Aug. 23, 2023) (motion to amend denied because plaintiff sued USAA CIC but policy was issued by a separate subsidiary, Garrison Property and Casualty Company, and

11

claims against the latter could not be salvaged by doctrine of relation back).

In the instant case, Plaintiff has not shown that the two entities essentially comprised a single business entity, nor has he alleged or shown he can establish that USAA GENERAL INDEMNITY COMPANY received notice within the Rule 4(m) time-limitation. He merely speculates the two companies must be "related" or "connected" because USAA CIC had possession of the claims estimate he had supplied to USAA GIC. The Court finds, without more, this is not sufficient to allege that USAA GENERAL INDEMNITY COMPANY was on notice of the suit that Plaintiff intended to file against it within the Rule 4(m) time-limitation. Because Plaintiff cannot show that the doctrine of relation back would save his claims against USAA GENERAL INDEMNITY COMPANY, the Court will grant the Motion to Dismiss and deny Plaintiff's request for an opportunity to amend his petition to name the correct insurer.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (R. Doc. 12) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (R. Doc. 8) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to file an amending and supplemental petition is DENIED and Plaintiff's claims against USAA CIC are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 30th day of September 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE